UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. **CV 21-4839-MWF (AFMx)** | Date: **July 1, 2021** |
| Title: Genella Green v. Westwood Healthcare and Wellness Center, LP | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:Court Reporter:
Rita SanchezNot Reported

Attorneys Present for Plaintiff:Attorneys Present for Defendant:
None PresentNone Present

**Proceedings (In Chambers):** ORDER TO SHOW CAUSE RE: SUBJECT-MATTER JURISDICTION

The purpose of this OSC is to determine whether there is a basis for federal jurisdiction under the PREP Act.

Plaintiff Genella Green initiated this action in Los Angeles Superior Court on April 30, 2021, seeking relief against Defendant Westwood Healthcare and Wellness Center, LP ("Westwood") for elder abuse, negligence, willful misconduct, and violation of resident's rights. (*See generally* Notice of Removal ("NoR"), Ex. A (Docket No. 1)). On June 14, 2021, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441, under either the doctrine of complete preemption or the *Grable* substantial federal question doctrine, or alternately, pursuant to 28 U.S.C. § 1442, under a theory of federal officer jurisdiction. (*See* NoR).

"[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (assessing whether a provision of a federal statute had jurisdictional consequences).

Federal courts have subject-matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. **CV 21-4839-MWF (AFMx)**                    Date: **July 1, 2021**
Title:       Genella Green v. Westwood Healthcare and Wellness Center, LP

citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a). The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.* A court may remand an action *sua sponte* "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

Here, Plaintiff asserts only state law claims. Nonetheless, Defendant removed the matter to this Court, asserting subject-matter jurisdiction based on the federal officer removal statute, 28 U.S.C. § 1442(a), and federal question jurisdiction, 28 U.S.C. § 1441. These purported bases for subject-matter jurisdiction fall short.

### A. Federal Officer Jurisdiction

First, Defendant Westwood is not a "federal officer" acting under a federal official. *See* 28 U.S.C. § 1442(a); *Stirling v. Minasian*, 955 F.3d 795, 800 (9th Cir. 2020). Although the federal officer removal statute is "liberally construed" in favor of removal, *Stirling*, 955 F.3d at 800, "[a] private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official,'" *Watson v. Philip Morris Cos.*, 551 U.S. 142, 153 (2007). "And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Id.* Here, where removal is simply based on Defendant's compliance with various federal COVID-19 directives and regulations, the federal officer removal statute does not apply.

### B. Federal Question Jurisdiction

Next, the Public Readiness and Emergency Preparedness Act (the "PREP Act"), 42 U.S.C. § 247d, provides immunity to covered persons against claims for losses due to the administration or use of a covered countermeasure in a declared

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV 21-4839-MWF (AFMx)**                    Date:  **July 1, 2021**
Title:     Genella Green v. Westwood Healthcare and Wellness Center, LP

public health emergency, like the COVID-19 pandemic.  42 U.S.C. § 247d-6d(a)(1); *see* Notice of Decl., 85 Fed. Reg. 15198 (Mar. 17, 2020).  But the PREP Act does not support removal on the basis of federal question jurisdiction, either as a matter of complete preemption or as raising a substantial federal question under the *Grable* doctrine.

Complete preemption rarely applies.  *City of Oakland v. BP PLC*, 969 F.3d 895, 905-906 (9th Cir. 2020) ("The Supreme Court has identified only three statutes that meet [its] criteria.").  In the Ninth Circuit, "complete preemption for purposes of federal jurisdiction under § 1331 exists when Congress:  (1) intended to displace a state-law cause of action, and (2) provided a substitute cause of action."  *Id.*  And, simply put, the PREP Act does not satisfy the Ninth Circuit's two-part complete preemption test.  *See, e.g.*, *Stone v. Long Beach Healthcare Ctr., LLC*, CV 21-326-JFW (PVCx), 2021 WL 1163572, at *5-7 (C.D. Cal. Mar. 26, 2021) (collecting cases and concluding the PREP Act does not satisfy the Ninth Circuit's complete preemption test).

Nor is removal justified based on the *Grable* doctrine.  Plaintiff's claims do not raise "a substantial federal issue" because they do not require an interpretation, or challenge the constitutional validity, of any federal statute.  *See City of Oakland*, 969 F.3d at 906-907 (finding no federal jurisdiction under the "slim category" articulated in *Grable* where the claim "neither require[d] an interpretation of a federal statute nor challenge[d] a federal statute's constitutionality" (citation omitted)); *Stone*, 2021 WL 1163572, at *7 (finding PREP Act immunity was merely related to defendant's defense and "not necessarily raised" for purposes of the *Grable* doctrine).

A growing number of federal district courts, in this District and beyond, have considered these jurisdictional issues and found federal jurisdiction lacking in circumstances very similar to those presented here.  *See, e.g.*, *Stone*, 2021 WL 1163572, at *3-8 (remanding for lack of jurisdiction after finding PREP Act did not completely preempt state law claims or raise a *Grable* question, and defendant could not remove under the federal officer statute); *Smith v. Colonial Care Ctr., Inc.*, CV 21-494-RGK (PDx), 2021 WL 1087284, at *3-8 (C.D. Cal. Mar. 19, 2021) (same), *appeal filed*, 21-55377 (9th Cir. Apr. 19, 2021); *In re McCaleb v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV 21-4839-MWF (AFMx)**          Date:  **July 1, 2021**
Title:     Genella Green v. Westwood Healthcare and Wellness Center, LP

*AG Lynwood, LLC*, CV 21-9746-SB (PVCx), 2021 WL 911951, at *2-7 (C.D. Cal. Mar. 1, 2021) (same; finding the HHS Secretary's opinion describing the PREP Act as a complete preemption statute contrary to law and lacking legal support, and therefore not entitled to deference), *appeal filed*, 21-55302 (9th Cir. Mar. 31, 2021); *Forman v. C.p.c.h., Inc.*, CV 21-2845-SB (JEMx), 2021 WL 2209308, at *3 (C.D. Cal. June 1, 2021) (same); *Lyons v. Cucumber Holdings, LLC*, CV 20-10571-JFW (JPRx), 2021 WL 364640, at *6 (C.D. Cal. Feb. 3, 2021) (same), *appeal filed*, 21-55185 (9th Cir. Mar. 3, 3031); *Dupervil v. All. Health Operations, LCC*, CV 20-4042-PKC (PKx), 2021 WL 355137, at *7-16 (E.D.N.Y. Feb. 2, 2021) (same), *appeal filed*, 21-505 (2d Cir. Mar. 3, 2021).

Only one decision is to the contrary. *Garcia v. Welltower OpCo Grp. LLC*, CV 20-02250-JVS (KESx), 2021 WL 492581, *6-7, 9 (C.D. Cal. Feb. 10, 2021) (denying remand after deferring to the HHS Secretary's advisory opinion of PREP Act preemption without analyzing the Ninth Circuit's complete preemption test).

Accordingly, Defendant is **ORDERED TO SHOW CAUSE**, in writing, on or before **July 14, 2021**, why this action should not be remanded for lack of subject-matter jurisdiction.  Defendant's failure to respond by the above date will result in the action being remanded to Los Angeles County Superior Court.

IT IS SO ORDERED.