UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV 21-4839-MWF (AFMx)**                Date:  **July 16, 2021**
Title:     Genella Green v. Westwood Healthcare and Wellness Center, LP

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT

On July 1, 2021, the Court issued an Order to Show Cause ("OSC") directing Defendant to explain why the action should not be remanded to Los Angeles Superior Court for lack of subject-matter jurisdiction. (Docket No. 8). The Court determined that the purported bases for subject-matter jurisdiction articulated in Defendant's Notice of Removal were insufficient. (*Id.*). The OSC also warned Defendant that failure to respond to the OSC by July 14, 2021, would result in the action being remanded to Los Angeles County Superior Court. (*Id.*).

Defendant filed an untimely response to the OSC on July 15, 2021 (the "Response"). (*See* Docket No. 12). Defendant reiterates the same arguments in its Notice of Removal. Namely, Defendant contends that this Court has jurisdiction under (1) the federal officer removal statute, 28 U.S.C. § 1442(a)(1); (2) the PREP Act under the complete preemption doctrine; and (3) the *Grable* doctrine. (Response at 4-15). Defendant alternatively requests that the Court stay proceedings pending the Ninth Circuit's determination of this issue. (*Id.* at 15).

For the same reasons that the Court previously articulated in its OSC, the Court determines that it lacks subject-matter jurisdiction over the action.

Defendant is not a "federal officer" acting under a federal official. *See* 28 U.S.C. § 1442(a); *Stirling v. Minasian*, 955 F.3d 795, 800 (9th Cir. 2020). Although the federal officer removal statute is "liberally construed" in favor of removal, *Stirling*, 955 F.3d at 800,

---

**CIVIL MINUTES—GENERAL**                                                    1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV 21-4839-MWF (AFMx)**                Date:  **July 16, 2021**
Title:        Genella Green v. Westwood Healthcare and Wellness Center, LP

> [a] private firm's compliance (or noncompliance) with federal laws, rules, and regulations ***does not by itself*** fall within the scope of the statutory phrase "acting under" a federal "official." And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored. A contrary determination would expand the scope of the statute considerably, potentially bringing within its scope state-court actions filed against private firms in many highly regulated industries.

*Watson v. Philip Morris Cos.*, 551 U.S. 142, 153 (2007). This principle is dispositive here. Defendant asserts that the *Watson* test is "not so narrow." (Response at 4). Here, where removal is simply based on Defendant's compliance with various federal COVID-19 directives and regulations, the federal officer removal statute does not apply. Nothing in the Response persuades the Court that Defendant's compliance with federal COVID-19 regulations brings Plaintiff's claims within the scope of the federal officer statute. *See Lynwood*, 2021 WL 911951, at *6 (rejecting nursing facility defendant's argument that the federal officer statute conferred jurisdiction over the action merely because defendant faced "detailed regulations in response to the COVID-19 pandemic").

In addition, the PREP Act does not support removal on the basis of federal question jurisdiction, either as a matter of complete preemption or as raising a substantial federal question under the *Grable* doctrine. (*See* OSC at 3-4). Even if the PREP Act provided complete preemption, Defendant would have to show that it applies to the claims ***asserted in this case***. Defendant has failed to do so.

Plaintiff does not allege that Defendant is liable for using a covered countermeasure with respect to COVID-19. Indeed, the action does not appear to be about purposeful allocation of scarce resources carried out in accordance with federal guidelines, or anything arising out of the pandemic. Rather, the gravamen of the Complaint is that Defendant was generally neglectful in caring for Plaintiff and operating the nursing home facility. For example, Plaintiff alleges that

> [a]s a direct and proximate result of the DEFENDANTS' repeated withholding of necessary care and services as alleged above, GREEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV 21-4839-MWF (AFMx)**           Date:  **July 16, 2021**
Title:        Genella Green v. Westwood Healthcare and Wellness Center, LP

was transferred to Providence Saint John's Health Care Center on April 10, 2021.  On admission the ER, the physician diagnosed with GREEN as suffering from severe dehydration, hypernatremia, severe sepsis, urinary tract infection with hematuria, acute metabolic encephalopathy and acute kidney injury.  According to the ER records, GREEN's mentation and responsiveness greatly improved after fluids. Given her high sodium, GREEN was admitted to the ICU.  By this time, GREEN's pressure wounds exposed bone in her right heel.  Following a five-day hospital course for urinary tract infections, GREEN's condition stabilized and she was discharged back to the FACILITY.  Labs performed towards the latter part of the hospitalization showed the GREEN also suffered from severe malnutrition.

(Complaint ¶ 32).  Therefore, "even if the PREP Act conferred federal jurisdiction, it would not appear to do so here." *Lynwood*, 2021 WL 911951, at *5.  For the same reasons, "Defendant has not demonstrated that federal jurisdiction lies under *Grable*.  Plaintiff['s] state claims do not require an interpretation, or challenge the constitutional validity, of a federal statute." *Id.*, at *3 (granting plaintiff's motion to remand because, although the plaintiffs alleged defendant's failure to provide adequate COVID-19 personal protective equipment, that allegation was only "one of 19 claims of negligence in a complaint that describes overall inattention rather than conscious decision-making about covered countermeasures while delivering care").

    Finally, Defendant's request to stay proceedings is **DENIED**.  Defendant has not met its burden to demonstrate that a stay is warranted here.

    Accordingly, the action is **REMANDED**, and the Clerk of Court is **ORDERED** to return this action to Los Angeles County Superior Court.